IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JU YING LIU, and others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>JESSICA DAYTON, ASIAN MARKET COMPANY, INC., EIGHT MOONS, LLC, SANDEEP KUMAR, AND CEDAR HEIGHTS CITY, LLC,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON MOTION TO STRIKE AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>Case No. 4:23-cv-00010-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Before the Court are Defendants' Motion to Strike the Amended Complaint[1] and Plaintiff's Motion for Leave to File Amended Complaint.[2] For the reasons discussed, the Court GRANTS the motion to strike and DENIES the motion for leave to file amended complaint.

I. BACKGROUND

Plaintiff Liu brings several claims (on her own behalf and on behalf of others similarly situated) against her former employers, Jessica Dayton, Asian Market Company, Inc., and Eight Moons LLC, for willfully not paying overtime to their employees, intentionally misclassifying employees as exempt from the Fair Labor Standards Act of 1938 ("FLSA") requirements,[3] and illegally deducting employees' pay to cover Green Card and other visa costs.[4] She also raises

---

[1] Docket No. 16, filed May 15, 2023.

[2] Docket No. 20, filed May 18, 2023.

[3] 29 U.S.C. §§ 201–19.

[4] Docket No. 1, filed January 30, 2023.

1

various state-law claims for defamation, breach of contract, recission, and an accounting against her business partners—Jessica Dayton and Sandeep Kumar—and various entity defendants—Cedar Heights LLC, Eight Moons LLC, and Asian Market.[5]

On April 5, 2023, Defendants filed their Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff's complaint for failure to state a claim.[6] Specifically, Defendants argue that Plaintiff's H-1B visa claims should be dismissed because there is no private right of action for violations of 8 U.S.C. § 1182(n).[7] Additionally, Defendants assert that Plaintiff's failure to exhaust administrative remedies under 20 C.F.R. § 655.800–655.855 should bar those claims.[8] Finally, Defendants claim that Plaintiff's complaint insufficiently pleads FLSA violations because (1) Plaintiff was an H-1B visa employee and thus exempt from the FLSA requirements, and (2) Plaintiff failed to identify particular weeks in which she worked overtime or provide facts to support such claims.[9]

On April 17, 2023, Plaintiff filed a notice of intent to file an amended complaint,[10] which correctly acknowledged Plaintiff's amended complaint was due on April 26, 2023—21 days after service of the motion to dismiss.[11] However, Plaintiff failed to file her amended complaint until three days after that deadline.[12]

---

[5] *Id*. at 16–20.

[6] Docket No. 11.

[7] *Id*. at 2–5 (collecting cases).

[8] *Id*. at 3–6.

[9] *Id*. at 7–9.

[10] Docket No. 14, filed April 17, 2023.

[11] *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its [complaint] once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . .").

[12] Docket No. 15, filed April 29, 2023.

Substantively, Plaintiff's proposed amended complaint eliminates her H-1B visa claims and seeks FLSA overtime wages for work performed from September 28, 2020, until June 22, 2022.[13] She alleges that she worked "an average of 12 hours per week of overtime during her employment with the Defendants," but she fails to explain whether she worked more than 40 hours for any one employer.[14] Plaintiff references a spreadsheet that allegedly supports her claims, but she fails to include such supporting documentation. Further, Plaintiff approximates there are "124.7 actionable workweeks and 1,497 hours of unpaid overtime" that Plaintiff is owed by "Employer Defendants."[15] These calculations are derived based on mathematical averages rather than actual number of hours worked for each individual employer.[16]

Defendants immediately filed a motion to strike the amended complaint because it was not filed within the 21-day deadline provided under Rule 15(a)(1)(B), and Plaintiff did not seek written permission from Defendants or leave of Court—as required under Rule 15(a)(2)—before filing her late amended complaint.[17] Plaintiff subsequently sought Defendants' permission to amend her complaint, but Defendants stated they would not agree to an amendment and Plaintiff would need to seek leave from the Court.[18] After this attempt to meet and confer, Plaintiff sought leave from the Court to amend her complaint, arguing that although her amendment was filed three days late,

---

[13] *Id*. at 7.

[14] *Id*.

[15] *Id*.

[16] *Id*. "There are 29 months within the three (3) year statute of limitations during such time that Plaintiff worked for the Employer Defendants. There are 4.3 workweeks per month totaling approximately 124.7 actionable workweeks."

[17] Docket No. 16.

[18] Docket No. 20, at 2; *see also* Docket No. 21, at 1–2.

3

the delay was short and excusable due to a scheduling error, and the Court should accept the amended complaint.[19]

In opposition to Plaintiff's motion for leave to amend and in support of their own motion to strike, Defendants argue that (1) Plaintiff was aware of the deadline by which she needed to file her amended complaint, (2) she missed the deadline, and (3) her proposed amended complaint is futile as to the FLSA claims.[20] Defendants argue the FLSA claims are futile because Plaintiff's employment[21] under the H-1B visa program was governed by the Immigration and Nationality Act ("INA"), not the FLSA, and even if the FLSA applied, Plaintiff failed to provide supporting evidence of the number of hours worked for each "Employer Defendant."[22] It is also unclear which of the entities/individual defendants are being referenced as "employers" in this context because the complaint originally identified Ms. Dayton and Asian Market Company as the employers but later discussed how Eight Moons LLC also required its employees to work overtime.[23] Finally, Defendants argue that Plaintiff's motion for leave to amend failed to comply with this Court's local rules requiring the attachment of a redlined version of the amended complaint as an exhibit.[24]

Plaintiff attempted to remedy her proposed amended complaint in her reply brief by providing an excel spreadsheet of hours worked and a redlined version of the amended

---

[19] Docket No. 20, at 3–4; *see also* Docket No. 21, at 1–2.

[20] Docket No. 22; Docket No. 23.

[21] Defendants allege that Plaintiff was employed under the H-1B visa program until approximately April 2022. Docket No. 23, at 3.

[22] Docket No. 22; Docket No. 23.

[23] Docket No. 22, at 4; Docket No. 23, at 4.

[24] *See* DUCivR 15-1(a).

complaint.[25] Notably, Plaintiff's spreadsheet fails to identify any employers, making it impossible to decipher if Plaintiff worked more than 40 hours for any one employer in a single week.[26]

## II.  DISCUSSION

A party can amend her pleading once as a matter of course within specific time frames.[27] If a party files her amendment after such deadlines, she must seek leave of Court or written consent of the adverse party to amend her pleading.[28] Under Rule 15(a)(2), "[t]he court should freely give leave [to amend a complaint] when justice so requires."[29] Plaintiff "ought to be afforded an opportunity to test [her] claim on the merits" rather than on procedural niceties.[30] But it is within a district court's discretion[31] to deny leave to amend after considering the relevant factors which include undue prejudice to the defendant, undue or inexplicable delay, bad faith or dilatory motive, futility of amendment, or failure to cure deficiencies by amendments previously allowed.[32]

### A.   TIMELINESS

"It is well settled in [the Tenth Circuit] that untimeliness alone is a sufficient reason to deny leave to amend, . . . especially when the party filing the motion has no adequate explanation

---

[25] Docket Nos. 24-1 and 24-2, at 22–24.

[26] Docket No. 24-2, at 22–24.

[27] Fed. R. Civ. P. 15(a).

[28] Fed. R. Civ. P. 15(a)(2).

[29] *Id*.

[30] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal citations omitted).

[31] *Frank v. U.S. West Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (the Tenth Circuit reviews denial of a motion to amend a complaint for abuse of discretion).

[32] *Shifrin v. Toll*, 483 F. App'x 446, 450 (10th Cir. 2012) (citing *Frank*, 3 F.3d at 1365).

for the delay."[33] But "the court and the parties [are] to secure the just, speedy, and inexpensive determination of every action and proceeding."[34] Thus, the Court can exercise its discretion when evaluating whether a motion to amend is untimely.[35]

Here, Defendants' motion to strike is hinged on procedural niceties and a three-day technicality. Plaintiff's amended complaint is technically untimely, but courts generally prefer cases be resolved on the merits.[36] Plaintiff alleges that she missed the deadline due to a calendaring error,[37] though Plaintiff acknowledged in her notice of intent that any amended complaint needed to be filed by April 26, 2023.[38] Nevertheless, the Court does not find Plaintiff acted in bad faith or with a dilatory motive. Of bigger concern to the Court is the futility of Plaintiff's amendment.

B.   FUTILITY OF AMENDMENT

Assuming Plaintiff has shown an adequate explanation for the short delay, the Court can still deny her motion to amend if the amendment would be futile, i.e., the amended complaint would be subject to dismissal.[39] As currently drafted, Plaintiff's amended complaint does not survive Defendants' futility challenge.

---

[33] *Frank*, 3 F.3d at 1365–66 (collecting cases).

[34] Fed. R. Civ. P. 1.

[35] *Frank*, 3 F.3d at 1365 (the Tenth Circuit reviews denial of a motion to amend a complaint for abuse of discretion).

[36] *Minter*, 451 F.3d at 1204.

[37] Docket No. 21, at 1–2.

[38] Docket No. 14.

[39] *Sullivan v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 43, 51 (10th Cir. 2021); *Burke v. New Mexico*, 696 F. App'x 325, 329 (10th Cir. 2017) (citing *Fields v. City of Tulsa*, 753 F.3d 1000, 1012 (10th Cir. 2014)).

According to the original complaint, Plaintiff was employed under the H-1B visa program, which is governed by the INA.[40] While the nuances of the interplay between the FLSA and the INA are not well-suited to be decided at this stage of the case, it appears that the FLSA could apply to H-1B visa program participants.[41] Under the FLSA, qualifying employees are entitled to overtime wages if they work more than 40 hours in any given work week for a single employer.[42] Whether Plaintiff is exempt from the FLSA is an affirmative defense which cannot be decided on a motion to dismiss—or in this case, a futility challenge—unless it is clear on the facts of the complaint.[43] Since Plaintiff removed her H-1B allegations, it is unclear from the face of the proposed amended complaint that Plaintiff is exempt from the FLSA. For purposes of this order, then, the Court assumes the FLSA applies.

Here, Plaintiff seeks the protection of the FLSA in arguing her entitlement to overtime wages. But the only evidence she proffers to support her claims is a vague spreadsheet attached as an exhibit to her reply brief.[44] Generally, the Court does not review issues raised for the first time in a reply brief.[45]

---

[40] 8 U.S.C. § 1182(n).

[41] "Other Federal wage statutes apply to H-1B workers in the same manner as any U.S. worker." *See* Wage & Hour Division of Dep't of Labor, Fact Sheet #62G: Must an H-1B worker be paid a guaranteed wage?, (July 2008), https://www.dol.gov/agencies/whd/fact-sheets/62g-h1b-required-wage.

[42] 29 U.S.C. § 207(a)(2).

[43] *See e.g., Silver v. Quora, Inc.*, 666 F. App'x 727, 728 (10th Cir. 2016).

[44] Docket No. 24-2.

[45] *Deseret Tr. Co. v. Unique Inv. Corp.*, No. 2:17-CV-00569, 2018 WL 8110959, at *3 (D. Utah July 3, 2018); *see also* DUCivR 7-1(a)(3).

Even if the Court accepts Plaintiff's spreadsheet and new information proffered in her reply, her evidence is still insufficient to survive a futility challenge. The spreadsheet does not include any employer information, making it nearly impossible to deduce whether Plaintiff worked more than 40 hours a week for any one employer as required to recover overtime wages under the FLSA.[46] Nor are there sufficient allegations to support that the Employer Defendants could be considered joint employers.

As a result, the Court strikes Plaintiff's amended complaint because, at this point, it is too vague and insufficient to survive a futility challenge—not simply because the amendment was untimely, as argued by the Defendants in their initial motion.[47]

---

[46] 29 U.S.C. § 207(a)(2).

[47] Docket No. 16, at 2.

III.  CONCLUSION

For the reasons discussed, the Court GRANTS Defendants' Motion to Strike the Amended Complaint, Docket No. 16. Additionally, the Court DENIES Plaintiff's Motion for Leave to File Amended Complaint, Docket No. 20. The Amended Complaint, Docket No. 16, is hereby STRICKEN. Plaintiff is ORDERED to either (1) file a response to the pending motion to dismiss[48] or (2) file a new motion for leave to file an amended complaint by the end of business on August 21, 2023. The Court reminds Plaintiff that any motion for leave to amend must comply with Fed. R. Civ. P. 15(a)(2)[49] and DUCivR 15-1(a).[50]

SO ORDERED this 14th day of August, 2023.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[48] Docket No. 11, filed April 5, 2023.

[49] After a party amends its pleading once as a matter of course, "[the] party may amend its pleading only with the opposing party's written consent or the court's leave."

[50] "A party moving under Fed. R. Civ. P. 15(a)(2) for leave to amend a pleading must attach the following as exhibits to the motion: (1) the proposed amended pleading, and (2) a redlined version of the proposed amended pleading comparing it with the pleading sought to be amended."