IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JU YING LIU, and others similarly situated,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>JESSICA DAYTON, ASIAN MARKET COMPANY, INC., EIGHT MOONS, LLC, SANDEEP KUMAR, AND CEDAR HEIGHTS CITY, LLC,<br><br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>Case No. 4:23-cv-00010-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint.[1] Normally, such motions are governed by Fed. R. Civ. P. 15(a)(2)'s liberal standard, which provides that the Court should freely give leave to amend "when justice so requires."[2] However where, as here,[3] a party seeks leave to amend after a scheduling order deadline has passed, the moving party "must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4); and (2) satisfaction of the Rule 15(a) standard."[4] "In practice, this standard requires the

---

[1] Docket No. 41, filed March 2, 2024.

[2] Fed. R. Civ. P. 15(a)(2).

[3] Pursuant to the scheduling order, Docket No. 40, the last day for the parties to file motions to amend the pleadings was March 1, 2024.

[4] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n.*, 771 F.3d 1230, 1240 (10th Cir. 2014).

1

movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts,'"[5] which means the movant "must provide an adequate explanation for any delay."[6]

Plaintiff's Motion does not address Rule 16's good cause standard, much less attempt to meet it. Without demonstrating good cause for the untimely Motion, Plaintiff's request must be denied, and the Court need not determine whether Rule 15 has been satisfied.[7] It is therefore

ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint (Docket No. 41) is DENIED WITHOUT PREJUDICE.

DATED March 28, 2024.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[5] *Id.* (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

[6] *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009).

[7] *See Gorsuch*, 771 F.3d at 1242 ("Having concluded [movants] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so."); *StorageCraft Tech. Corp. v. Persistent Telecom Sols., Inc.*, No. 2:14-CV-76-DAK, 2016 WL 3435189, at *8 (D. Utah June 17, 2016) ("Only after determining that good cause has been established will the Court proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied.") (quoting *Carefusion 213, LLC v. Pro. Disposables, Inc.*, No. CIV-09-2626-KHV, 2010 WL 4004874, at *3–4 (D. Kan. Oct. 12, 2010)).